## PEOPLE v ARMENTERO

Docket No. 124883. Submitted April 7, 1992, at Detroit. Decided June 15, 1992, at 9:10 A.M. Leave to appeal sought.

Emilo P. Armentero was convicted in 1984 by a jury in the Detroit Recorder's Court, Beverly A. Jasper, J., of second-degree murder and was sentenced to 75 to 150 years' imprisonment. The Court of Appeals affirmed, 148 Mich App 120 (1986), and the Supreme Court denied leave to appeal, 425 Mich 883 (1986). After it was decided in *People v Moore*, 432 Mich 311 (1989), that a sentence imposed for a term of years must be indeterminate and reasonably possible for a defendant to serve, Armentero filed a delayed motion for resentencing, which the court, Harvey F. Tennen, J., granted. The prosecution appealed.

The Court of Appeals *held*:

The rule announced in *Moore* applies to those cases in which sentence is imposed after May 8, 1989, the date of the *Moore* decision, and to those cases pending on appeal on that date that properly raised and preserved the issue for appeal. Sentences imposed before May 8, 1989, and not pending on appeal on or after that date, such as that of the defendant in this case, are not affected by *Moore.*

Order reversed and sentence reinstated.

Sentences — Indeterminate Sentences.

The rule announced in *People v Moore*, 432 Mich 311 (1989), that a sentence imposed for a term of years must be indeterminate and reasonably possible for a defendant to serve, applies to cases in which sentence was imposed after May 8, 1989, and to cases pending on appeal on that date that properly raised and preserved the issue for appeal.

*Frank J. Kelley*, Attorney General, *Gay Secor Hardy*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Reilly Wil-*

References

Am Jur 2d, Criminal Law § 542.

See the Index to Annotations under Sentence and Punishment.

*son,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* for the defendant.

Before: WEAVER, P.J., and SULLIVAN and CORRIGAN, JJ.

WEAVER, P.J. Following a conviction, an appeal, and a new trial, defendant was convicted of murder in the second degree, MCL 750.317; MSA 28.549. Defendant appealed his second conviction and sentence of 75 to 150 years to this Court. The conviction was affirmed, and the Court found that defendant's sentence did not shock the judicial conscience. *People v Armentero,* 148 Mich App 120; 384 NW2d 98 (1986). Defendant's application for leave to appeal to the Michigan Supreme Court was denied on July 29, 1986. *People v Armentero,* 425 Mich 883 (1986). On October 26, 1987, defendant's petition for a writ of habeas corpus was denied by the United States District Court. The Sixth Circuit Court of Appeals affirmed the denial of the habeas petition on August 4, 1988, and the United States Supreme Court denied defendant's petition for a writ of certiorari on December 5, 1988.

On August 29, 1989, defendant filed a delayed motion for resentencing in Detroit's Recorder's Court, on the basis of the decision of *People v Moore,* 432 Mich 311; 439 NW2d 689 (1989). After hearing arguments, the court ordered that defendant be resentenced, finding that *Moore* applied retroactively. The prosecution now appeals the trial court's decision to this Court. We reverse.

The primary issue before us is whether the sentencing rules set out in *Moore* are to be applied retroactively. *Moore* itself does not state the extent to which it is to be applied retroactively.

Our Supreme Court has held that the factors to be used in determining if a law should be applied retroactively are: (1) the purpose of the new rule, (2) the general reliance on the old rule, and (3) the effect on the administration of justice. *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404 (1971).

In another case dealing with the indeterminate sentencing act,[1] the Supreme Court relied on the principles set out in *Hampton* to hold that the decision was prospectively limited to "those cases in which sentence is to be or has been imposed after date of filing of this opinion and to those cases which on date of filing of this opinion are pending on appeal and which have properly raised and preserved the issue for appeal. Sentences imposed prior to date of this decision and not pending on appeal upon properly preserved specific issues shall not be affected by the rule herein adopted." *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

We find that the rule enunciated in *Moore* should be given the same limited retroactive effect.

Thus, because defendant's case does not fall within these restrictions, *Moore* is not applicable to his sentence. We reverse the order allowing resentencing and order defendant's previous sentence of 75 to 150 years reinstated.

Reversed.

---

[1] In *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), the Court held that any sentence that provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentencing act.